## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Case No.:  19-32928-MER |
| Rancher's Legacy Meat Co., | Chapter 11 |
| Debtor. | |

## OBJECTION OF JAMES L. RATCLIFF TO THE FOURTH INTERIM APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES OF PLATINUM MANAGEMENT, LLC, AND FOLEY AND MANSFIELD

To:  All Parties in Interest Entitled to Notice of Objections Per Local Rule 9013-3(b):

Creditor James L. Ratcliff hereby objects to the Debtor's Counsel's and the Debtor's Financial Professional's Fourth Application for Interim Compensation.  The hearing on this matter will be held on Thursday, November 5, 2020 at 11:00 a.m. before the Honorable Michael Ridgway, United States Bankruptcy Judge, in Courtroom 7W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55402.

Debtor's Counsel has filed their fourth request for an interim award of their fees (Docket 291) and Platinum Development ("Platinum") has filed their fourth request for an interim award of their fees (Docket 290).  James L. Ratcliff, the largest creditor in the case and the putative secured creditor in all of the assets of the Debtor, objects to any further fees being awarded in this case at this time and therefore objects to the motion.

This Chapter 11 case has been heavily contested.  Up to now, however, there has been no evidence that the Debtor and Platinum have ever misled the Court, its creditors or the US Trustee concerning important issues in the case.  While Ratcliff has disagreed vehemently about the Debtor's decision to seek a buyer for the assets of the Debtor, and instead favored a

1

reorganization where the now-profitable Debtor emerged from bankruptcy and paid its creditors far more than the sale of assets proffered by the Debtor hoped to do, at least the Debtor was operating profitably and all creditors and the other parties in interest were told that the proposed sale promised to provide the creditors with more than the liquidation value of roughly $4,500,000.00. Therefore, despite the vast disagreement with the course of the case, Ratcliff saw no cause to object to the previous three interim fee requests of the Debtor or Platinum.

Now, however, since the sale of assets was closed in September of this year, it has been revealed that the Debtor and its Professionals either misled the Court or were grossly negligent in their assertion to the Court that the sale, at the very least, would bring proceeds in excess of the then stated liquidation value to the creditors in the case. These facts and arguments have been sufficiently laid out for the Court in Ratcliff's Motion to Convert or Dismiss filed on October 6, 2020 (Docket 285) and those facts and arguments are incorporated herein.

As a result of the initial hearing on the Motion to Convert or Dismiss that was held on October 29, 2020, the Court has now scheduled an evidentiary hearing on the "cause" to convert the case under 11 USC § 1112(b), including the issue of the need for an independent examination of the actions of the Debtor and Platinum in making the assertion in May and June of this year that the initial offer of the Stalking Horse bidder would yield more than the liquidation value of the company. Ratcliff believes that the results of such an independent examination of the actions of the Debtor and its professionals would raise the question of whether fees already paid to the Debtor and its professional on an interim basis should in fact be disgorged. If follows, therefore, that any further payment of professional fees should be halted until such an examination is conducted and we therefore move for a stay of payment of any fees until after all the evidence and arguments are presented to the Court.

2

Further, Ratcliff is pursuing his right to be named the only secured creditor of the assets of the estate through an appeal of this Court's orders and judgments of March 23, 2020 (Docket 165 and 167) that denied that status to Ratcliff.  That issue is still pending in District Court and the oral argument on that issue will be heard on December 1, 2020.  If the District Court rules that Ratcliff is the first secured creditor of the assets of the Debtor, he will be entitled to be paid all of the proceeds of the sale of the assets made in this case because those proceeds are far in excess of his allowed $18,000,000 claim.  Therefore, any funds used from the proceeds of the sale would be surcharging Ratcliff's collateral under 11 USC § 506(c).

At first, the Debtors obtained orders from the Court allowing for use of cash collateral including budgets for payment of professional fees (Docket 5, 12 and 184).  After the Court's rulings on March 23, 2020, the Debtor has treated Ratcliff's still asserted secured status as a nullity and stopped seeking an order for use of cash collateral including the payment of professional fees. Now there is a finite and steadily decreasing sum of cash that represents the only funds that will ever be put into the estate.  All creditors will be getting what is left after all controversies are resolved in this Court and the District Court.  Ratcliff urges the Court, therefore, to withhold any further payment from this wasting asset until his status as a secured creditor is formally determined.  If the Court were to presume, for the purposes of the motions before it, that Ratcliff was a secured creditor, it is clear that there should be no surcharging of his collateral as neither the Debtor not its Professional have shown the requisite cause to surcharge that collateral.

Based on these facts and the arguments set forth in the accompanying Memorandum of Law, James L. Ratcliff respectfully requests that the motions of the Debtor and its professionals be denied or at least deferred to a time when a hearing on the final approval of all professional

fees will be held.

| Dated: October 30, 2020 | SAPIENTIA LAW GROUP PLLC |
|---|---|
| | /e/ *Kenneth C. Edstrom* <br> Kenneth C. Edstrom (#148696) <br> 120 South 6th Street, Suite 100 <br> Minneapolis, MN 55402 <br> Telephone: (612) 756-7108 <br> Fax: (612) 756-7101 <br> kene@sapientialaw.com <br> Attorneys for James L. Ratcliff |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | Case No.:  19-32928-MER |
| Rancher's Legacy Meat Co., | Chapter 11 |
| Debtor. | |

**MEMORORANDUM OF LAW IN SUPPORT OF OBJECTION OF JAMES L.
RATCLIFF TO THE FOURTH INTERIM APPLICATION FOR ALLOWANCE
OF FEES AND EXPENSES OF PLATINUM MANAGEMENT, LLC, AND
FOLEY AND MANSFIELD**

ARGUMENT

1.  No Professional Fees Should Be Paid When There Are Questions Involving
    Potential Disgorgement of Fees That Have Already Been Awarded

The Court can order disgorgement of previously paid attorney's fees as a sanction

for professional misconduct.  Rule 9011 of the Bankruptcy Rules of Procedure provides:

Rule 9011. Signing of Papers; Representations to the Court; Sanctions;
Verification and Copies of Papers

(a) SIGNATURE. Every petition, pleading, written motion, and other paper, except a
list, schedule, or statement, or amendments thereto, shall be signed by at least
one attorney of record in the attorney's individual name. A party who is not
represented by an attorney shall sign all papers. Each paper shall state the
signer's address and telephone number, if any. An unsigned paper shall be
stricken unless omission of the signature is corrected promptly after being
called to the attention of the attorney or party.

(b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by
signing, filing, submitting, or later advocating) a petition, pleading, written
motion, or other paper, an attorney or unrepresented party is certifying that to
the best of the person's knowledge, information, and belief, formed after an
inquiry reasonable under the circumstances,— [1]
(1) it is not being presented for any improper purpose, such as to harass or to

1

cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Rule 9011, Fed. R. Bankr. Pro.

28 USC § 1927 provides for sanctions for an attorney who increases the costs of a matter before the court:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 USC § 1927

A Court may disgorge fees already awarded or paid under Rule 9011 of the Federal Rules of Bankruptcy Procedure and 28 USC § 1927. *In re Bulen,* 375 B.R. 585 (Minn. Bankr. 2007).

As laid out in the his motion to convert or dismiss, Ratcliff is calling for an investigation of the conduct of the Debtor's counsel and its hired professional in connection with sales motion that was approved by the Court in May and July of this year.  Should that investigation provide evidence of negligence or malfeasance in

2

connection with the assertion that, at a bare minimum, the sale to the Stalking Horse

would exceed the liquidation value of the assets, any party in interest or the court itself

could seek sanctions for those action, including disgorgement of fees already paid to

those professionals.  Therefore, until such time as there has been a chance for an

independent investigation of Ratcliff's allegations, which Ratcliff requests be done by a

Chapter 7 Trustee after conversion of the case, there should not be any further payment of

professional fees to the very parties under investigation.

2.   The Court Should Recognize that Any Secured Claim Should Not Be Surcharged
by the Fees Requested in the Two Motions Under Consideration

Expenses incurred in preserving a debtor's estate are typically paid out of the

estate's coffers as allowed administrative expenses under 11 U.S.C. § 503.

Administrative claims are entitled to priority over pre-petition unsecured claims but do

not have priority over secured claims. *Hartford Underwriters Ins. Co. v. Union Planters*

*Bank NA*, 530 U.S. 1, 5 (2000). The Bankruptcy Code includes an exception to this rule

under 11 U.S.C. § 506 (c), which states that a "trustee [may] recover from property

securing an allowed secured claim the reasonable, necessary costs and expenses of

preserving, or disposing of, such property to the extent of any benefit to the holder of

such claim, including the payment of all ad valorem property taxes with respect to the

property."

To surcharge an estate, the trustee must prove that "(1) the expenditure was

necessary, (2) the amounts expended were reasonable, and (3) the creditor benefited from

the expenses." *In re Delta Towers Ltd.*, 924 F.2d 74, 76 (5th Cir. 1991). The burden is on

the movant, *In re Flagstaff Foodservice Corp.*, 762 F.2d 10, 12 (2d Cir. 1985); *In re*

3

*Croton River Club Inc.*, 162 Bankr. 656, 659 (Bankr. S.D.N.Y. 1993) and it "is a heavy

one." *Croton River Club*, 162 B.R. at 659; *In re Emons Indus.*, 50 B.R. 692, 695 (Bankr.

S.D.N.Y. 1985).  In general, a secured creditor receives a 'benefit' within the meaning of

section 506(c) if the relevant expense preserved or increased the value of its collateral." 4

*Collier on Bankruptcy* ¶ 506.05. Here Ratcliff is not arguing that the amounts expended

were not reasonable or that, if the facts were as the Debtor has asserted to the Court, that

the hiring of professionals to achieve the goal of increasing the value of the putative

secured creditor increased the value of the estate.  However, here the ultimate result was

that the value to be distributed to creditors was below the value of the liquidation of the

company as that liquidation value was set out on May 6 in conjunction with the motion

for the sale of assets (Docket 215).  The results of the sale therefore do no justify

surcharging the collateral of a secured creditor, especially since the Debtor's ability to go

forward with such a sale was tinted with the initial offer being below the liquidation

price.

It may be that this Court's rulings are proven out in the appeal and that Ratcliff

will be confirmed to be an unsecured creditor. At that point he would be unable to

complain that the payment of the fees requested should not reduce his claim.  However,

given the posture of the case and the fact of the now limited amount of funds to be

distributed to the creditors in the case, the Court should halt all further payment of fees to

any professionals until the results of the appeal are known.

Respectfully submitted:

4

| | |
|---|---|
| Dated: October 30, 2020 | SAPIENTIA LAW GROUP PLLC<br><br>/e/ *Kenneth C. Edstrom*<br>Kenneth C. Edstrom (#148696)<br>120 South 6th Street, Suite 100<br>Minneapolis, MN 55402<br>Telephone: (612) 756-7108<br>Fax: (612) 756-7101<br>kene@sapientialaw.com<br>Attorneys for James L. Ratcliff |

DECLARATION OF SERVICE


Kenneth C. Edstrom declares under penalty of perjury that on October 30, 2020 he served the following documents electronically with the Clerk of Court through ECF, and that a copy of the above-referenced document will be delivered to the people who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-l(a).


| | |
|---|---|
| 1 | Objection of James L. Ratcliff to Motion for Compensation of Debtor's Counsel and Debtor's Professional |
| 2 | Memorandum of Law in Support of Objection |
| 3 | Declaration of Service |
| 4 | Proposed Order |


Dated: October 30, 2020                    /e *Kenneth C. Edstrom*


1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | Case No.:  19-32928-MER |
| Rancher's Legacy Meat Co., | Chapter 11 |
| Debtor. | |

ORDER

The motions of the Debtor and Platinum Management for a Fourth Award of

Interim Compensation Came before the undersigned.

Appearances were noted on the record.

Based upon the motion, all of the files, records and proceedings herein, it is

hereby ORDERED:

1.        The motions are denied without prejudice.

Dated: _____

_____
Michael E. Ridgway,
United States Bankruptcy Judge

4835-7439-0992, v. 2

1