**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In Re: | Case No.: 19-32928-MER |
| Rancher's Legacy Meat Co., | Chapter 11 |
| Debtor. | |

---

**NOTICE OF HEARING AND MOTION FOR ORDER APPROVING MEDIATED SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019**

---

TO: The parties-in-interest as specified in Fed. R. Bankr. P. 2002(a)(3) and Local Rule 9013-3(a)(2)

1. Rancher's Legacy Meat Co., as Debtor in Possession ("Rancher's" or the "Debtor"), hereby moves the Court for the relief requested below and gives notice of hearing herewith.

2. A hearing on this motion will be held on **Wednesday, April 20, 2022, at 10:00 a.m.,** before the Honorable Michael E. Ridgway in Courtroom 7W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel may be heard. **Due to the COIVID-19 Pandemic, the hearing may be held by telephonic or other remote means as directed by the Court.**

3. Any response to this motion must be filed not later than Friday, April 15, 2022**,** which is five days before the time for the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding.

2421061 v1

5.  The petition commencing this Chapter 11 case was filed on September 20, 2019 (the "Petition Date"). The case is now pending before this Court.

6.  The relief sought in this Motion is based upon 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9019 and Local Rule 9019-1. The Debtor requests Court approval of a mediated settlement reached by and between it, the Official Committee of Unsecured Creditors (the "Committee") and Blue-Grace Logistics, LLC ("Blue-Grace"), related to Blue-Grace's Motion for Payment of Administrative Expense Claim [ECF No. 348].

## BACKGROUND

7.  The Debtor is debtor and debtor-in-possession pursuant to 11 U.S.C. § 1107.

8.  The Committee is the duly appointed representative of the unsecured creditors in this case.

9.  Blue-Grace is a third-party shipping and logistics company utilized by the Debtor to facilitate the shipping and transportation of the Debtor's meat products to buyers and distributors around the country.

10. On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, Case No. 19-32928, in the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court").

11. On February 22, 2021, Blue-Grace filed a Notice of Hearing and Motion for Payment of Administrative Expense Claim [ECF No. 348] (the "Motion") with the Bankruptcy Court, asserting and requesting payment of an administrative expense claim of $97,952 under 11 U.S.C. § 503(b) (the "Administrative Claim")

12. Debtor and the Committee jointly opposed the Motion on March 12, 2021 [ECF # 356].

2421061 v1

13. Following a hearing on the Motion, pursuant to a Memorandum Decision and Order dated June 3, 2021 [ECF No. 372], as amended by an Amender Order dated July 8, 2021 [ECF No. 384] (together, the "Memorandum Order"), and an Opinion dated June 3, 2021 [ECF No. 373] (the "Opinion"), the Bankruptcy Court denied the Motion.

14. On June 16, 2021, Blue-Grace timely filed a Notice of Hearing and Motion for Reconsideration of Memorandum Decision and Order Denying Blue-Grace Logistics, LLC's Motion for Payment of Administrative Expense Claim Pursuant to Bankruptcy Rules 7052, 9023, and 9024 [ECF No. 376] (the "Motion to Reconsider").

15. On July 2, 2021, the Debtor and the Committee filed a joint objection to the Motion to Reconsider [ECF No. 379] (the "Joint Objection").

16. Following a hearing on the Motion to Reconsider, by order dated July 9, 2021 [ECF No. 385], as amended by order dated January 19, 2022 [ECF No. 415], the Bankruptcy Court referred the Motion to Reconsider and the Joint Objection to mediation.

17. Through mediation, the Debtor, the Committee, and Blue-Grace have agreed to settle the Administrative Claim, the Motion to Reconsider, and the Joint Objection pursuant to the terms and conditions set forth in their Settlement Agreement (the "Settlement Agreement"), a copy of which is attached hereto as **Exhibit A**.

18. The main terms of the Settlement Agreement, subject to Bankruptcy Court approval, provide that:[1] (i) Debtor shall pay to Blue-Grace $42,500 in cash; (ii) Debtor irrevocably assigns and transfers to Blue-Grace all the Debtor's litigation claims, rights, and causes of action against Truck Brothers Interstate Incorporated, including, without limitation, all

---

[1] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

litigation claims, rights, and causes of action under the Carmack Amendment, 49 U.S.C. § 14706; and (iii) The parties agree to cooperate and use best efforts to obtain an order from the Bankruptcy Court vacating the Memorandum Order [ECF Nos. 372 & 384] and the Opinion [ECF No. 373].

19.     The Debtor and the Committee assert the proposed settlement is in the best interests of creditors and the estate.

20.     Pursuant to Local Rule 9013-2(a), this motion is verified and is accompanied by a memorandum of law, a proposed order and proof of service.

21.     Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call the following individuals to testify regarding the facts set out in this motion: a member of the Committee; Arlyn Lomen; and/or Rod Peterson – Platinum Management LLC.

**WHEREFORE**, the Debtor requests that the Court enter an Order in the form filed concurrently with this Motion:

1.     Granting the Motion;

2.     Approving the Settlement Agreement referenced herein; and

3.     Granting such other and further relief as is just and equitable.

Respectfully submitted,

**FOLEY & MANSFIELD, PLLP**

Dated: March 29, 2022        By:  */e/ Cameron A. Lallier*
                                   Cameron A. Lallier (#393213)
                                   250 Marquette Avenue, Suite 1200
                                   Minneapolis, MN  55401
                                   clallier@foleymansfield.com

***COUNSEL FOR RANCHER'S LEGACY MEAT CO.***

4

2421061 v1

# **EXHIBIT A**

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is entered into on March 29, 2022, by Rancher's Legacy Meat Co., as debtor and debtor-in-possession (the "Debtor"), the Official Committee of Unsecured Creditors of the Debtor (the "Committee"), and Blue-Grace Logistics, LLC ("Blue-Grace").

## RECITALS

WHEREAS, on September 20, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, Case No. 19-32928, in the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court");

WHEREAS, on February 22, 2021, Blue-Grace Logistics, LLC ("Blue-Grace") filed a Notice of Hearing and Motion for Payment of Administrative Expense Claim [ECF No. 348] (the "Motion") with the Bankruptcy Court, asserting and requesting payment of an administrative expense claim of $97,952 under 11 U.S.C. § 503(b) (the "Administrative Claim");

WHEREAS, pursuant to a Memorandum Decision and Order dated June 3, 2021 [ECF No. 372], as amended by an Amender Order dated July 8, 2021 [ECF No. 384] (together, the "Memorandum Order"), and an Opinion dated June 3, 2021 [ECF No. 373] (the "Opinion"), the Bankruptcy Court denied the Motion;

WHEREAS, on June 16, 2021, Blue-Grace timely filed a Notice of Hearing and Motion for Reconsideration of Memorandum Decision and Order Denying Blue-Grace Logistics, LLC's Motion for Payment of Administrative Expense Claim Pursuant to Bankruptcy Rules 7052, 9023, and 9024 [ECF No. 376] (the "Motion to Reconsider");

WHEREAS, on July 2, 2021, the Debtor and the Committee filed a joint objection to the Motion to Reconsider [ECF No. 379] (the "Joint Objection");

WHEREAS, by order dated July 9, 2021 [ECF No. 385], as amended by order dated January 19, 2022 [ECF No. 415], the Bankruptcy Court referred the Motion to Reconsider and the Joint Objection to mediation; and

WHEREAS, through mediation, the Debtor, the Committee, and Blue-Grace have agreed to settle the Administrative Claim, the Motion to Reconsider, and the Joint Objection pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties agree as follows:

1. Recitals. The above recitals are incorporated by reference as if set forth herein.

2. Settlement Payment and Assignment of Claims. In settlement of the Administrative Claim, the Motion to Reconsider, and the Joint Objection, the Debtor shall pay to Blue-Grace

ACTIVE 61188862v12

$42,500 in cash.  Additionally, the Debtor irrevocably assigns and transfers to Blue-Grace all the Debtor's litigation claims, rights, and causes of action against Truck Brothers Interstate Incorporated, including, without limitation, all litigation claims, rights, and causes of action under the Carmack Amendment, 49 U.S.C. § 14706.

3. <u>Vacation of Memorandum Order and Opinion</u>.  The parties agree to cooperate and use best efforts to obtain an order from the Bankruptcy Court vacating the Memorandum Order [ECF Nos. 372 & 384] and the Opinion [ECF No. 373].

4. <u>Bankruptcy Court Approval and Proposed Order</u>.  The Debtor and the Committee shall file a joint motion to approve settlement pursuant to Bankruptcy Rule 9019, seeking Bankruptcy Court approval of this Agreement and the settlement contemplated hereunder. Together with such motion, the Debtor and the Committee shall submit to the Bankruptcy Court a proposed order, in the form attached as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), which (i) approves this Agreement and the settlement contemplated hereunder, (ii) authorizes and directs the Debtor to pay Blue-Grace $42,500 in cash within five (5) days after the Bankruptcy Court enters the Proposed Order; and (iii) vacates the Memorandum Order [ECF Nos. 372 & 384] and the Opinion [ECF No. 373].

5. <u>Conditions Precedent</u>.  This Agreement shall be effective upon the satisfaction of the following conditions precedent:

a. All parties have duly executed this Agreement; and

b. The Bankruptcy Court has entered the Proposed Order.

6. <u>Miscellaneous</u>.  This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the effect of a signed original.

[*Signature Pages to Follow*]

*ACTIVE 61188862v12*

IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date first set forth above.

**RANCHER'S LEGACY MEAT CO., as Debtor and Debtor-In-Possession**

By: _____
   Arlyn J. Lomen, President

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RANCHER'S LEGACY MEAT CO.**

By: _____
   Name:
   Title:

**BLUE-GRACE LOGISTICS, LLC**

By: _____
   Robert F. Beckmann, General Counsel and Secretary

## **VERIFICATION**

I, Arlyn J. Lomen, President of Rancher's Legacy Meat Co., declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct to the best of my knowledge, information, and belief.

Dated: March 29, 2022

_____
Arlyn J. Lomen

2421061 v1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | Case No.: 19-32928-MER |
| Rancher's Legacy Meat Co., | Chapter 11 |
| Debtor. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER APPROVING MEDIATED SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019**

Rancher's Legacy Meat Co., as Debtor in Possession ("Rancher's" or the "Debtor"), hereby submits this memorandum of law in support of its *Motion for Order Approving Mediated Settlement Pursuant to Bankruptcy Rule 9019* (the "9019 Motion"). The supporting facts are set forth in the verified 9019 Motion, and the terms of the Settlement Agreement are as set forth as provided in Exhibit A to the 9019 Motion. The Court should grant the relief requested because the proposed settlement is in the best interest of all the parties, including the creditors and the estate.

## ARGUMENT

Compromise is favored by the law as a normal part of the bankruptcy process. *In re Trism, Inc.*, 282 B.R. 662, 666 (B.A.P. 8th Cir. 2002). The Federal Rules of Bankruptcy Procedure provide that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "A decision to approve or disapprove a proposed settlement under Bankruptcy Rule 9019 is within the discretion of the bankruptcy judge." *In re Trism, Inc.*, 282 B.R. 662, 666 (B.A.P. 8th Cir. 2002) (citing *In re Flight Transportation Corporate Securities Litigation*, 730 F.2d 1128, 1135-36 (8th Cir. 1984)). Rule 9019 vests a bankruptcy court with "broad authority to approve or disapprove all compromises and settlements affecting the bankruptcy estate." *In re Bates*, 211 B.R. 338, 343 (Bankr. D. Minn. 1997).

In exercising its discretion, a court should consider the following factors:

2421061 v1

    (1)    The probability of success in the litigation;
    (2)    The difficulties, if any, to be encountered in the matter of collection;
    (3)    The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending to it; [and]
    (4)    The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re Flight Transportation Corporate Securities Litigation*, 730 F.2d 1128, 1135-36 (8th Cir. 1984) (citing *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929); *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968)). More recently, a fifth factor has been added:

    (5)    Whether the conclusion of the litigation promotes the integrity of the judicial system.

*In re Bates*, 211 B.R. 338, 343 (Bankr. D. Minn. 1997); *see also In re Farmland Industries, Inc.*, 289 B.R. 122 (B.A.P. 8th Cir. 2003) (suggesting that compromise should further the goals of bankruptcy — fairness, finality, integrity, and maximization of assets).

After consideration of these factors, a court can determine whether a settlement is "fair and equitable," *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), and in the best interests of the estate. *In re Trism, Inc.*, 282 B.R. 662, 668 (B.A.P. 8th Cir. 2002). The court's function is not to ensure that the proposed settlement is the best possible settlement obtainable. Rather, the court must determine only whether the settlement falls below the lowest point on the range of reasonableness. *In re Hanson Industries, Inc.*, 88 B.R. 942, 945 (Bankr. D. Minn. 1988).

Here, the facts justify approval of the Settlement Agreement, as set forth in the 9019 Motion. The Settlement Agreement preserves assets of the estate by reducing litigation costs and progresses the case towards final resolution. Given the nature of litigation, no party was assured of "victory" and each party faced the risk of loss. The nature of the asserted defenses to the

litigation and the complexity of commensurate appeals would require the parties to continue to expend significant resources. Accordingly, final resolution of the matters being resolved would also have required preparation for and attendance at likely numerous evidentiary and/or appellate hearings. In the end, the costs of the litigation borne by the estate would likely substantially reduce any potential recovery realized by the estate. The Settlement Agreement provides the estate with a favorable outcome, all while preserving estate assets by avoiding future litigation costs. The Settlement Agreement is the hard-fought bargain struck by the parties.

## CONCLUSION

For the foregoing reasons, the Debtor requests that the Court grant the 9019 Motion; approve the Settlement Agreement; and grant such other and further relief as is just and equitable.

Respectfully submitted,

**FOLEY & MANSFIELD, PLLP**

Dated: March 29, 2022   By: */e/ Cameron A. Lallier*
Thomas J. Lallier (#163041)
Cameron A. Lallier (#393213)
250 Marquette Avenue, Suite 1200
Minneapolis, MN  55401
clallier@foleymansfield.com
Telephone:  (612) 338-8788

*COUNSEL FOR RANCHER'S LEGACY MEAT CO.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Rancher's Legacy Meat Co.,
                 Debtor.

Chapter 11
Case No. 19-32928-MER

**ORDER APPROVING SETTLEMENT, VACATING MEMORANDUM ORDER AND OPINION, AND ALLOWING ADMINISTRATIVE EXPENSE CLAIM**

On February 22, 2021, Blue-Grace Logistics, LLC ("Blue-Grace") filed a Notice of Hearing and Motion for Payment of Administrative Expense Claim [ECF No. 348] (the "Motion"), asserting and requesting payment of an administrative expense claim of $97,952 under 11 U.S.C. § 503(b) (the "Administrative Claim"). Pursuant to a Memorandum Decision and Order dated June 3, 2021 [ECF No. 372], as amended by an Amended Order dated July 8, 2021 [ECF No. 384] (together, the "Memorandum Order"), and an Opinion dated June 3, 2021 [ECF No. 373] (the "Opinion"), the Court denied the Motion. On June 16, 2021, Blue-Grace timely filed a Notice of Hearing and Motion for Reconsideration of Memorandum Decision and Order Denying Blue-Grace Logistics, LLC's Motion for Payment of Administrative Expense Claim Pursuant to Bankruptcy Rules 7052, 9023, and 9024 [ECF No. 376] (the "Motion to Reconsider"). On July 2, 2021, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") timely filed a joint objection to the Motion to Reconsider [ECF No. 379] (the "Joint Objection"). By order dated July 9, 2021 [ECF No. 385], as amended by order dated January 19, 2022 [ECF No. 415], the Court referred the Motion to Reconsider and the Joint Objection to mediation. Through mediation, the Debtor, the Committee, and Blue-Grace agreed to settle the Administrative Claim, the Motion to Reconsider, and the Joint Objection.

2421061 v1

Accordingly, the Debtor and the Committee have filed a Notice of Hearing and Motion for Order Approving Mediated Settlement Agreement Pursuant to Bankruptcy Rule 9019 (the "<u>Settlement Motion</u>").  Based on the files, records, and proceedings herein,

**IT IS ORDERED THAT**:

1. The Settlement Motion is **GRANTED**.

2. The Settlement Agreement appended to the Settlement Motion is **APPROVED**.

3. The Memorandum Order, at ECF Nos. 372 & 384, is **VACATED**.

4. The Opinion, at ECF No. 373, is **VACATED**.

5. The Debtor is authorized and directed to pay Blue-Grace $42,500 within five (5) days of the entry of this order.

6. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this order.

7. This order shall be immediately effective and enforceable upon its entry.  To the extent that it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.


Dated: _____

_____
Michael E. Ridgway
Chief United States Bankruptcy Judge

2421061 v1